[No. 13407.   Department One.   August 14, 1916.]

M. L. BERGMAN, *Appellant*, v. IDAHO LIME COMPANY, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS. Findings on conflicting evidence will not be disturbed on appeal where supported by the preponderance of the evidence.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 26, 1915, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*F. W. Girand*, for appellant.

*Twitchell & Wentworth* and *Charles P. Lund*, for respondent.

CHADWICK, J.—This action was brought by M. L. Bergman for the benefit of the Bergman Clay Manufacturing Company, against the Idaho Lime Company. The Bergman company is a corporation, the stock of which is owned by M. L. Bergman and wife and the principal officers and stockholders of the Idaho Lime Company.

In the year 1905, the two corporations began a course of dealing whereby the Idaho Lime Company became the selling agent of the products of the Bergman Clay Company. For its services in billing the goods and collecting accounts, it

[1]Reported in 159 Pac. 702.

was allowed a commission of five per cent upon each item of sale. The record shows that the products of the Bergman Clay Company were sold under a custom prevailing in that trade, f. o. b. place of destination. The goods were billed to the customer and, on account of the uncertainty of the amount of freight, the customer paid the freight at the place of destination. The amount paid was deducted from the bill and in turn charged back to the Bergman Clay Company by the Idaho Lime Company.

It is the contention of the appellant that the freight charges, aggregating $10,131.27, were improperly charged to the Bergman Clay Company, and that they should have been paid by the customer or by the lime company. Appellant relies upon an oral contract said to have been entered into in the year 1905, whereby the clay company agreed to pay the freight upon the shipments of clay products sold by it. The contract is denied by the clay company. Aside from the fact that a course of business extending over a long period of years is shown, and the further fact that the books of the clay company were experted by a bookkeeper in the year 1910, and no objection was made by appellant to these items, the court found that appellant had not sustained the allegations of his complaint, and that no such contract was entered into.

A question of fact only is submitted, and although it is strenuously contended by counsel that the evidence of appellant and his wife, who testified to the contract, is to be believed, and the testimony of the witnesses who contradicted them is to be rejected, we are of opinion that appellant has not sustained the burden of proof, and that the testimony, when considered in the light of the circumstances which we have noticed, clearly preponderates in favor of the judgment.

The respondents set up, by way of defense, the entire business of the two companies, the one with the other, contending

that there was a balance due and owing to it from the Berg-man Clay Company.

The court found, and we believe that its finding is sustained by a preponderance of the evidence, that there was, in fact, $4,723.37 owing from the clay company to the lime company. We find no question of law calling for inquiry or discussion.

Wherefore, for the reasons assigned, the judgment is affirmed.

Morris, C. J., Mount, Ellis, and Fullerton, JJ., concur.